464 So.2d 973 (1985)
Andrew A. LEMESHEWSKY
v.
Arthur F. DUMAINE.
No. CA-2254.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
*974 A.D. Freeman of Satterlee, Mestayer & Freeman, New Orleans, for plaintiff-appellee.
Ernest N. Souhlas, Metairie, for defendant-appellant.
Before LOBRANO, WARD and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Andrew Lemeshewsky, filed suit against Arthur Dumaine, for defamation and slander and following a trial was awarded $2,000 in damages. From this judgment, Dumaine has filed this suspensive appeal.
The record reflects that the parties herein are attorneys licensed to practice in Louisiana. At the time the alleged defamatory statements were made, Dumaine and Lemeshewsky were representing Mr. and Mrs. Ernest Souhlas, respectively, in their divorce proceedings. Mr. Souhlas, plaintiff in the divorce proceedings, sued his wife for divorce on the grounds of adultery and *975 named one Charles Marchbanks as an accomplice. In addition to representing Mrs. Souhlas, Lemeshewsky represented Marchbanks in several other matters not directly related to the divorce proceedings.
Lemeshewsky asserts that Dumaine defamed him during two or three telephone conversations Dumaine had with Marchbanks. More specifically, Lemeshewsky alleges that Dumaine called him a "f______ Jew", "stupid", a "smart ass", "young", and "inexperienced", and, further, told Marchbanks that Lemeshewsky "is not going to do anything for you." At trial Dumaine admitted calling Lemeshewsky a "Jew" but either denied making or couldn't recall making the other comments. He did not, however, raise the defense of truthfulness. Dumaine explained that he first telephoned Marchbanks in an effort to persuade him to move away while the divorce proceedings were pending so as to make the process easier on the Souhlas children. He further testified that the purpose of the second conversation was to suggest that Marchbanks and Mrs. Souhlas not insist on an inventory of the community property.
The trial court, apparently believing that Dumaine had made the statements in question and that the statements were defamatory, stated in its Reasons for Judgment that "[t]he damages in this type of case depend upon the words used, the method of communication, and the number of people who heard the words." The trial court based the amount of the award on the fact that "the communication was to only one person". We agree with the trial court's decision.
In Freeman v. Cooper, 414 So.2d 355, 358 (La.1982), the Court noted:
A communication is defamatory if it tends to harm the reputation of another so as to lower him in the estimation of the community. Restatement (Second) of Torts § 559 (1977). Defamatory communications violate one's right to a good reputation and give rise to a cause of action to recover damages because of the violation.
To maintain an action in defamation, the following elements must be shown: defamatory words; publication; falsity; malice, actual or implied; and resulting injury. Cangelosi v. Schwegmann Bros., Etc., 390 So.2d 196 (La.1980). Words are classified into two categories: those that are defamatory per se and those that are susceptible of a defamatory meaning. When words themselves have a natural tendency to injure a person in his occupation or to injure his reputation, even without considering extrinsic facts or surrounding circumstances, they are defamatory per se. Makofsky v. Cunningham, 576 F.2d 1223 (5th Cir.1978). Proof of malice is only required for words that are not defamatory per se. Cashio v. Hott, 425 So.2d 820 (La.App. 5th Cir.1982) writ denied, 430 So.2d 94 (La.1983). Wilson v. Capital City Press, 315 So.2d 393 (La.App. 3rd Cir.), writ denied, 320 So.2d 203 (La. 1975). Malice will be found to exist where the statements are made with the knowledge that they are false or with a reckless disregard for whether they are false or not. Matassa v. Bel, 246 La. 294, 164 So.2d 332 (1964).
The words "stupid" and "he is not going to do anything for you" were clearly defamatory as they were obviously designed to lower Lemeshewsky in his client's estimation and thereby damage Lemeshewsky's professional reputation. We do not believe, however, that the statements were defamatory per se, but we have no difficulty inferring malice under the circumstances of this case.
The statements in question were made during the course of conversations which admittedly had been initiated for the purpose of influencing the listener. They were made by an attorney to another's client, and they were made about an attorney who had been practicing law for four years. Moreover, Dumaine had only known Lemeshewsky a relatively short period of time and had had only a limited amount of professional contact with him. Under such circumstances, it is clear that *976 Dumaine uttered the comments with a reckless disregard for their truthfulness.
While it is true that Dumaine either denies or can't recall making some of the statements, a conflict in testimony is a matter of credibility for the trial court to decide. A trial court's findings of fact, particularly those involving credibility of witnesses testifying before him, are entitled to great weight on appeal and will not be disturbed unless found to be clearly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973). No such showing has been made by appellant.
We similarly find no manifest error in the trial court's award of damages to appellee. Proof of pecuniary loss is not required in defamation cases as "injury to reputation may result from the nature of the defamatory words alone." Wilson v. Capital City Press, 315 So.2d 393, supra. As to quantum, damage awards in defamation cases must of necessity be largely left to the discretion of the trial court and should not be disturbed absent a showing of manifest error. Greenberg v. DeSalvo, 216 So.2d 638 (La.App. 4th Cir.1968), writ denied 253 La. 635, 219 So.2d 173 (1969), rev'd other grounds, 254 La. 1019, 229 So.2d 83 (1969).
AFFIRMED.