CIACCIO, Judge.
This is a suit for defamation and invasion of privacy brought by plaintiff Craig Navis against The Times Picayune Publishing Corporation arising out of a newspaper article published on August 23, 1989. The trial court denied defendant’s motion for summary judgment, and we granted certiorari to consider whether there remain any material issues of fact in dispute which preclude summary judgment.
The standard for review of a motion for summary judgment in a defamation case has recently been set forth by our Supreme Court in Sassone v. Elder, 626 So.2d 345 (1993):
[1]n order to survive a motion for summary . judgment, a defamation plaintiff must produce evidence of sufficient quality and quantity to demonstrate that he likely will be able to meet his burden of proof at trial. Without such evidence, there is no genuine issue of material fact, and summary judgment should be granted. Id., at p. 351.
In order to prevail in a case of defamation under the Louisiana law, the plaintiff must prove five elements: defamatory words; publication; falsity; malice, actual or implied, and resultant injury. Williams v. Touro Infirmary, 578 So.2d 1006 (La.App. 4th Cir.1991). Defamatory words have been defined as words which:
“have a tendency to deprive a person of .the benefits of public confidence or injure him in his occupation or have a natural tendency to injure the person’s reputation. When the words themselves have those results, even without considering extrinsic facts and surrounding circumstances, they are defamatory per se. So are words that tend to adversely affect the person’s business or profession. When words themselves have a natural tendency to injure a person and his occupation 'or to injure his reputation, even without considering extrinsic facts or surrounding circumstances, they are defamatory per se.” Elmer v. Coplin, writ denied, 489 So.2d 246 (La. 1986).
In order to defeat defendant’s motion for summary judgment, plaintiff relies on the allegations in his petition and answers to interrogatories, as well as on his own affidavit, which states that the content of the article was untrue.
Plaintiff contends that the article published by defendants infers that he operates an illegal junkyard and that his home is rundown, out of place in the neighborhood and infested with roaches and rats. He claims the article also infers plaintiff has connections with an elected official. Plaintiff argues that these inferences are untrue and that the article caused him to suffer physical injury and damage to his reputation.
Further, plaintiff contends that the article’s statement that he is operating an “illegal junkyard” imputes to him the commission of a crime and is therefore defamatory per se.
However, in State v. Caubarreaux Used Cars, 520 So.2d 1180 (La.App. 3rd Cir.1988), the court held that a statement in the newspaper that defendant’s company was operating a junkyard in violation of state law was not defamatory per se. The Court stated:
Clearly, such a statement does not, in and of itself, have a tendency to injure a person *1340 in his occupation or injure his reputation. After all, junkyards and automobile graveyards are common place in today’s business world and are perfectly legitimate and lawful business activities. Id., at 1188.
The Court in Caubarreaux further stated that the accusation of being “unlawful” was not defamatory per se, stating:
To accuse one of doing something unlawful does not necessarily imply, in the mind of a person of ordinary intelligence and sensitivity, that a crime has been committed. The average person in today’s world is well aware of the fact that there are many activities which are unlawful but which are not criminal in nature. Thus, for these reasons, we find that it was not defamatory per se for the State to make such statements. Id., at 1183.
Under these circumstances, we conclude that the statement published in defendant’s newspaper concerning the operation of an illegal junkyard was not defamatory per se. Plaintiff therefore will have the burden of proving that the statements in the article were not only false, but were made with malice, or that defendant acted with some level of fault as stated in Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).
With regard to this requirement, plaintiff alleges that defendant acted in reckless disregard of the truth and the reporter should have known the source of the complaint was an irate neighbor.
However, we note initially that plaintiff has failed to present evidence that the statements in the article were false. Although he presents his own affidavit which merely gives conclusory allegations regarding the truth of the statements, plaintiff introduces no supporting evidence such as photographs, etc., to show that such statements were false.
Further, we find that plaintiff has failed to present evidence of sufficient quality to show defendant acted with malice in publishing the article. Even assuming that plaintiff cannot be considered a public figure, he nevertheless must prove at trial that defendant acted with some level of fault as set forth in Gertz v. Robert Welch, Inc., supra.
In support of the motion for summary judgment, defendant submitted the affidavit of Andrew Smith, the reporter who investigated the story. Smith stated that after receiving a complaint from a neighbor regarding plaintiffs property, he visited plaintiffs home where he spoke to several of plaintiffs neighbors and he unsuccessfully attempted to speak to plaintiff. Smith stated he personally inspected the plaintiffs property and confirmed the neighbors’ complaints. Smith attested that he bore the plaintiff no malice, ill-will or hostility and in fact had never met the plaintiff. Plaintiff has failed to depose Smith and has presented no evidence which establishes malice on the part of Smith or the Times-Picayune.
Based on the most recent jurisprudence and on the record before us, we find the trial court erred in denying defendant’s motion for summary judgment. We conclude that plaintiff failed to present sufficient evidence to demonstrate he was defamed by the newspaper article, and defendant is entitled to judgment as a matter of law.
Accordingly, the judgment of the trial court is reversed, and plaintiffs suit against the Times-Picayune Publishing Corporation is hereby dismissed.
REVERSED AND RENDERED.