THIBODEAUX, Judge.
Plaintiff, Edward L. Tarpley, Jr., a public official, appeals a grant of summary judgment dismissing his defamation suit in favor of defendants, The Colfax Chronicle and its editor, Helen Richards. The trial court concluded that Mr. Tarpley had not satisfied his burden of producing sufficient quantitative and qualitative evidence to establish clearly and convincingly a reasonable likelihood of actual malice or reckless falsity at trial.
■ ISSUES
The issues before this court are: 1) whether summary judgment was properly granted and 2) whether actual malice is an element in a defamation suit when a public figure plaintiff is accused of a criminal act.

FACTS

Edward L. Tarpley, Jr., district attorney for Grant Parish, filed a defamation suit against The Colfax Chronicle and its editor, Helen Richards. Mr. Tarpley sought damages for embarrassment, emotional distress, and injury to his reputation caused by the publication of a letter to the editor in the February 11, 1993 edition of The Colfax Chronicle, which criticized his performance as district attorney.
The letter alleged official misconduct by the district attorney from a reader of The Colfax Chronicle whose name was unpublished at his request. It said in part:
“A few more statistics on Mr. Tarpley need examining. Mr. Tarpley knows that meetings of the school board an hour before the regular meeting to discuss business and make decisions is a violation of the law he was sworn to uphold. To make it even worse, Mr. Tarpley attended these meetings. Not only were decisions made, but they were carried out and never voted on in open meetings. To me, this hinges on malfeasance.”
The defendants filed a motion for summary judgment, asserting Mr. Tarpley could not meet his burden of proving actual malice by clear and convincing evidence. The trial judge granted the defendants’ motion for summary judgment. Mr. Tarpley appeals.
We affirm the trial court’s determination that actual malice has to be demonstrated in a defamation suit when a public figure plaintiff is accused of a criminal act, but reverse the grant of summary judgment. The record, we feel, ^contains evidence sufficient to create an inference that Mr. Tarpley will be able to meet his burden of proof at trial.

LAW AND ANALYSIS

Before discussing the impropriety of a summary judgment at this juncture of these proceedings, we find it necessary to dispose of the issue of actual malice. Mr. Tarpley assigns as error the trial court’s finding that actual malice is an element in a defamation suit where the plaintiff is accused of a criminal act. The letter to the editor in The Colfax Chronicle accused Mr. Tarpley of malfeasance in office. Mr. Tarpley argues an accusation of criminal conduct has been recognized as defamatory per se; in such cases proof of actual malice is no longer required and cites Cangelosi v. Schwegman Bros., 390 So.2d 196 (1980); State v. Caubarreaux Used Cars, 520 So.2d 1180 (La.App. 3d Cir.1988); Cortez v. Shirley, 555 So.2d 577 (La.App. 1st Cir.1990); Bates v. Times-Picayune Publishing Corporation, 527 So.2d 407 (La.App. 4th Cir.1988); Garrett v. Kneass, 482 So.2d 876 (La.App. 2d Cir.), writ denied, 484 So.2d 671 (1986); Williams v. Touro Infirmary, 578 So.2d 1006 (La.App. 4th Cir.1991) in support of his position.
Mr. Tarpley does not dispute his status as a public figure. As noted in the trial judge’s reasons, the proper standard to evaluate a *471 public figure plaintiffs defamation claim is actual malice. In New York Times v. Sullivan, 376 U.S. 254, 279-280, 84 S.Ct. 710, 726, 11 L.Ed.2d 686 (1964), the United States Supreme Court asserted:
The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with “actual malice”— that is, with knowledge that it was false or with reckless disregard of whether it was false or not.
|4The cases cited by Mr. Tarpley all involve defamation suits by private citizens and are inapplicable to a public figure like himself. If we were to apply the defamation per se standard to public figure defamation plaintiffs, then the New York Times v. Sullivan actual malice standard would be meaningless.
Furthermore, Mashburn v. Collin, 355 So.2d 879 (La.1977) establishes the burden of proof is by clear and convincing evidence that the expression of fact or opinion was made with knowing or reckless falsity. Id. at 890. See also, New York Times v. Sullivan, supra.
Having decided the standard to be employed, the crucial question becomes: Can a public figure like Mr. Tarpley show that a judge or jury reasonably could find by clear and convincing evidence, after construing all the facts and inferences to be drawn therefrom in favor of a plaintiff-opponent, that the article or letter was printed with knowing and reckless falsity? We think so.
Mrs. Richards testified that she had known the author of the published letter for approximately thirty five years and considered him to be very credible. She did not cheek the accuracy of the letter and did not doubt “in any way [its] contents.” In accordance with her newspaper’s policy, the author’s name was undisclosed at his request.
Mr. Tarpley was understandably upset with the contents of the letter and requested an apology, a retraction, and a disclosure of the writer’s name from Mrs. Richards. Her written refusal to comply[1] was printed on the front page of The Colfax |sChronicle, along with a photocopy of Mr. Tarpley’s letter in response to the unsigned letter to the editor. Mrs. Richards admitted that this procedure was unusual and could not recall when it had ever been utilized.
The record leaves no doubt that Mrs. Richards and The Colfax Chronicle were not particularly fond of Mr. Tarpley. They monitored very closely many of the cases handled by his office and printed, on occasion, copies of plea agreements in the newspaper. He was accused of “[coddling] criminals and their attorneys” and “wheeling and dealing” in court after potential jurors had been excused from the courtroom. One newspaper article accused him of a lack of “due diligence” in litigating a DWI case.
The Colfax Chronicle regularly published editorials written by Mrs. Richards which criticized his performance as the district attorney. It once printed a cartoon suggesting that Mr. Tarpley was lax in prosecuting homicides.
The defendants’ open hostility toward Mr. Tarpley and his policies was even more vividly demonstrated when a recall petition was printed in the newspaper. It urged its readers to circulate the petition to the local citizens and mail it to the chairman of the recall drive. Several ads encouraging recall of Mr. Tarpley were placed in The Chronicle by Mrs. Richards’s husband, daughter-in-law, and Fran Demers without charge. All of these individuals are employees of The Chronicle. These ads were published free of charge even though Mrs. Richards sometimes removes news articles from the newspaper to substitute advertisements because “[t]hat is money in the bank.”
We are mindful that summary judgment issues in a defamation case are treated dif *472 ferently than in other civil eases. “Because of media defendant’s having to go to a full trial in multitudes of nonmeritorious defamation claims would certainly 16stifle the constitutional guarantee of freedom of the press, the rule in other summary judgment cases favoring trial on the merits is simply not applicable in defamation eases,” Sassone v. Elder, 626 So.2d 345, 352 (La.1994), and
“... in order to survive a motion for summary judgment, a defamation plaintiff must produce evidence of sufficient quality and quantity to demonstrate that he will be able to meet his burden of proof at trial. Without such evidence, there is no genuine issue of material fact, and summary judgment.”
Id. at 351.
Appellate courts review summary judgments de novo under the same criteria considered by a trial judge. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). The totality of the evidence and the reasonable inferences favorable to Mr. Tarpley are minimally sufficient to allow the conclusion that a judge or jury could find that he clearly and convincingly carried his burden of proof in demonstrating that the letter was printed with actual malice or reckless falsity.
We recognize the need to prevent the threat of litigation from inhibiting freedom of the press. We further recognize, however, that freedom of the press, like other constitutional freedoms, is not an unfettered right to be irresponsibly exercised under the guise of constitutional protection. This protection should be restrained and balanced by individual freedom from the absolutist use of this principle. Suffice it to say, enough has been shown to allow the issue of actual malice or reckless falsity to be resolved at a trial on the merits.
Accordingly, the judgment of the trial court granting a summary judgment in favor of The Colfax Chronicle and Helen Richards is reversed and set aside. In all other respects, it is affirmed. This case is remanded to the trial court for further proceedings.
RThe costs of this appeal shall be assessed equally to both plaintiff and defendants.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

. Mrs. Richards's response was:
“Dear Mr. Tarpley, For 117 years, the people of this parish have trusted this newspaper. We do not betray the trust of anyone, for any reason.
You will not intimidate us with childish threats of lawsuits.
For the record, we will not reveal the author of the above mentioned letter, not today, not next week, not ever.”