NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**21-769**

**PATRICK M. WARTELLE**

**VERSUS**

**ELLEN MINTZ**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
LAFAYETTE CITY COURT
PARISH OF LAFAYETTE CITY COURT, NO. 2019CV00818, DIVISION B
HONORABLE DOUGLAS J. SALOOM, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

**VAN H. KYZAR
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John E. Conery, Van H. Kyzar, and Sharon Darville Wilson, Judges.

**AFFIRMED.**

**Patrick M. Wartelle**
**Attorney at Law**
**600 Jefferson Street, Suite 603**
**Lafayette, LA 70501**
**(337) 233-7430**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Patrick M. Wartelle**

**Russell B. Kahn**
**Meade Young, LLC**
**322 S. Market Street**
**Opelousas, LA 70570**
**(337) 948-6217**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Ellen Mintz**

**Adam G. Young**
**Meade Young LLC**
**556 Jefferson Street, Box #7**
**Lafayette, LA 70501**
**(337) 534-0200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Ellen Mintz**

**KYZAR, Judge.**

In this defamation suit, Plaintiff appeals the granting of summary judgment in favor of Defendant, and the denial of his cross motions for summary judgment and partial summary judgment, dismissing his claims with prejudice. For the reasons herein set forth, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Patrick Wartelle, filed a defamation suit against Defendant, Ellen Mintz, after she called police and reported that he had damaged a gate and fence at the condominium complex in which they live. The parties live in Lafayette, Louisiana and have had ongoing, unneighborly disputes for some time.

This lawsuit was filed in Lafayette City Court on March 21, 2019. Therein, Mr. Wartelle alleges that Ms. Mintz called the Lafayette City Police Department (LPD) on March 24, 2018, and "lied to the law enforcement authorities that your Petitioner had deliberately damaged the fence surrounding the patio behind her condominium." He further alleged that on that same date Ms. Mintz "confronted Petitioner's lady friend and housemate and Defendant advised that she had called law enforcement authorities about what are now known as her fake allegations." He claims that "Defendant's allegations were lies, fake, and intentional[, and] as such, they were intentional torts" and that "Defendant is liable to Petitioner for defaming Petitioner, lying and for falsely accusing Petitioner of a non-existent crime and wrong-doing and for all damages that will be proven."

Mr. Wartelle thereafter filed an amended and supplemental petition adding allegations that Ms. Mintz, called law enforcement authorities at the LPD, resulting in Corporal Ricky Fontenot being dispatched to Defendant's residence, whereupon he talked with Ms. Mintz who "lied to him and falsely told [him] that Petitioner had deliberately damaged the fence (that she does not own) surrounding the patio behind

her condominium" and that "Petitioner had damaged her vehicle." He also asserts that "Defendant claims and has advised others that Petitioner 'keyed' her vehicle." He further averred that Ms. Mintz related the same story to another tenant in the complex. In answer to the amended and supplemental petition, Ms. Mintz generally denied the allegations but also raised the affirmative defense of privilege, asserting "Defendant's communications at issue herein are privileged, conditionally and/or otherwise, and protected under the First Amendment of the United States Constitution and the Louisiana Constitution[.]"

Ms. Mintz thereafter filed a motion for summary judgment. In support of her motion, Ms. Mintz filed her own affidavit, the deposition of Corporal Fontenot, the narrative report of Corporal Fontenot from his file with the LPD from the time of the incident, her handwritten statement filed with LPD and Corporal Fontenot, her partial answers to Plaintiff's interrogatories, an affidavit and report of Kyle Sibley as an expert in building and construction as to his inspection of the fence and gate in question, and Plaintiff's responses to interrogatories and requests for production of documents.

Plaintiff, Mr. Wartelle, then filed a cross motion for summary judgment, asserting no issue of material facts and praying for judgment in his favor. In support thereof, he filed exhibits, including: his own affidavit; a copy of Corporal Fontenot's body camera footage depicting the events of March 24, 2018, after the Corporal arrived on the scene; Ms. Mintz's answers to his requests for admission of certain facts; and pictures of the gate and fencing around the condominium complex.

Following a hearing on September 23, 2021, the trial court granted Ms. Mintz's motion for summary judgment and denied Mr. Wartelle's motion for summary judgment and his motion to strike. Thereafter, a motion for a new trial

filed by Mr. Wartelle was also denied. This appeal followed, wherein Mr. Wartelle asserts three assignments of error.

> 1. The trial court committed manifest error in granting the defendant's Motion for Summary Judgment against Appellant despite a lack of any proof submitted by the defendant.

> 2. The trial court committed manifest error in finding that the doctrine of qualified privilege precluded a finding of liability for all defamatory per se statements by the defendant. The trial court's[sic] failed to recognize and apply the prohibition of Louisiana Const. Art. 1, Section 7 against abuse of the right to freedom of speech, and that the case law prohibits defamatory statements which are not protected by the freedom of speech and qualified speech. The Appellant is a private citizen and the false allegations made by the defendant are defamatory per se and are not pertinent to issues of public interest. Furthermore, the trial court erred when it held that the privilege applied to the defendant's statements to her neighbor, who is not a law enforcement officer.

> 3. The trial court committed manifest error by denying Appellant's Motion for Partial Summary Judgment.

## DISCUSSION

In his first assignment of error, Plaintiff asserts that the trial court committed manifest error in granting Defendant's Motion for Summary Judgment against Plaintiff despite a purported lack of any proof submitted. In his second assignment of error, Plaintiff asserts that the trial court committed manifest error in finding that the doctrine of qualified privilege precluded a finding of liability for all defamatory per se statements by Defendant. Finally, in the third assignment of error, Plaintiff asserts that the trial court committed manifest error by denying his Motion for Partial Summary Judgment. Since all of the assignments of error are interrelated, and the resolution of the first two potentially renders moot the third, we will address them together. We note that our appellate review of the grant or denial of a motion for summary judgment is de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Schroeder v. Bd, of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991).

A court must grant a motion for summary judgment "if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). Summary judgment procedure is now favored under our law. La.Code Civ.P. art. 966(A)(2).

Louisiana Code of Civil Procedure Article 966(D)(1), clarifies the burden of proof in summary judgment proceedings, providing as follows:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

In this case, Plaintiff bears the burden of proof of the elements of his defamation action at trial. Thus, for purposes of her summary judgment motion, Defendant need only point out the absence of factual support for any element essential to the claim. If this occurs, Plaintiff must establish that he can satisfy his burden of proof at trial. *Id.*

In *Costello v. Hardy*, 03-1146, pp. 12-15 (La. 1/21/04), 864 So.2d 129, 139-41 (footnotes omitted), the supreme court discussed the nature of a defamation action, and the elements of proof necessary to prevail in such a claim.

> Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name. *Fitzgerald v. Tucker*, 98-2313, p. 10 (La.6/29/99), 737 So.2d 706, 715; *Trentecosta v. Beck*, 96-2388, p. 10 (La.10/21/97), 703 So.2d 552, 559; *Sassone v. Elder*, 626 So.2d 345, 350 (La.1993). "Four elements are necessary to establish a defamation cause of action: (1) concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Trentecosta*, 96-2388 at 10, 703 So.2d at 559 (*citing* RESTATEMENT (SECOND) OF TORTS § 558 (1977)). The fault requirement is often set forth in the

4

jurisprudence as malice, actual or implied. *See Cangelosi v. Schwegmann Bros. Giant Super Markets*, 390 So.2d 196, 198 (La.1980) (which also considers falsity as a fifth and separate element); 12 WILLIAM E. CRAWFORD, LOUISIANA CIVIL LAW TREATISE: TORT LAW § 17.4 at 312 (2000). Thus, in order to prevail on a defamation claim, a plaintiff must prove "'that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages.'" *Trentecosta*, 96-2388 at 10, 703 So.2d at 559 (*quoting Sassone*, 626 So.2d at 350). If even one of the required elements of the tort is lacking, the cause of action fails. *Douglas v. Thomas*, 31,470, p. 3 (La.App. 2 Cir. 2/24/99), 728 So.2d 560, 562, *writ denied*, 99-0835 (La.5/14/99), 741 So.2d 661; *Kosmitis v. Bailey*, 28,585, p. 2 (La.App. 2 Cir. 12/20/96), 685 So.2d 1177, 1180.

Defamatory words are, by definition, words which tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person, or otherwise expose a person to contempt or ridicule. *Fitzgerald*, 98-2313 at 11, 737 So.2d at 716; *Trentecosta*, 96-2388 at 10,703 So.2d at 559 (*citing* RESTATEMENT (SECOND) OF TORTS § 559 cmt. (e) (1977)). Words which convey an element of personal disgrace, dishonesty, or disrepute are defamatory. *Fitzgerald*, 98-2313 at 11, 737 So.2d at 716. The question of whether a communication is capable of a particular meaning and whether that meaning is defamatory is ultimately a legal question for the court. *Sassone*, 626 So.2d at 352. The question is answered by determining whether a listener could have reasonably understood the communication, taken in context, to have been intended in a defamatory sense. *Id.* To be actionable, the words must be communicated or "published" to someone other than the plaintiff. *Kosmitis*, 25,585 at 3, 685 So.2d at 1180.

In Louisiana, defamatory words have traditionally been classified into two categories: those that are defamatory per se and those that are susceptible of a defamatory meaning. *Lemeshewsky v. Dumaine*, 464 So.2d 973, 975 (La.App. 4 Cir.1985). Words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, even without considering extrinsic facts or surrounding circumstances, are considered defamatory per se. *Kosmitis*, 28,585 at 4, 685 So.2d at 1180; *Lemeshewsky*, 464 So.2d at 975; 12 CRAWFORD, LOUISIANA CIVIL LAW TREATISE: TORT LAW § 17.8 at 315. When a plaintiff proves publication of words that are defamatory per se, the elements of falsity and malice (or fault) are presumed, but may be rebutted by the defendant. *Kosmitis*, 28,585 at 4, 685 So.2d at 1180. The element of injury may also be presumed. *Id.*

When the words at issue are not defamatory per se, a plaintiff must prove, in addition to defamatory meaning and publication, the elements of falsity, malice (or fault) and injury. *Kosmitis*, 28,585 at 4, 685 So.2d at 1180. In cases involving statements made about a public

5

figure, where constitutional limitations are implicated, a plaintiff must prove actual malice, *i.e.*, that the defendant either knew the statement was false or acted with reckless disregard for the truth. *See Romero v. Thomson Newspapers (Wisconsin), Inc.*, 94-1105, p. 5 (La.1/17/95), 648 So.2d 866, 869.

The injury resulting from a defamatory statement may include nonpecuniary or general damages such as injury to reputation, personal humiliation, embarrassment and mental anguish even when no special damage such as loss of income is claimed. *Kosmitis*, 28,585 at 4, 685 So.2d at 1180. Regardless of the type of injury asserted, however, a plaintiff must present competent evidence of the injuries suffered. *Id.* at 28,585 at 5, 685 So.2d at 1181. A plaintiff must also demonstrate that the defamatory statements were a substantial factor in causing the harm. *Id.* (*citing Taylor v. Town of Arcadia*, 519 So.2d 303, 306 (La.App. 2 Cir.), *writ denied*, 522 So.2d 1097 (La.1988)).

Finally, even when a plaintiff makes a prima facie showing of the essential elements of defamation, recovery may be precluded if the defendant shows either that the statement was true, or that it was protected by a privilege, absolute or qualified. *Doe v. Grant*, 01-0175, p. 9 (La.App. 4 Cir. 1/29/03), 839 So.2d 408, 416, *writ denied*, 03-0604 (La.5/2/03), 842 So.2d 1102; *Arledge v. Hendricks*, 30,588, p. 4 (La.App. 2 Cir. 6/26/98), 715 So.2d 135, 139.

The written report of Corporal Ricky Fontenot, a corporal for the LPD for 11 years, filed as an exhibit with Defendant's motion for summary judgment, provides as follows:

On 03-22-2018 at approximately 1720hrs, I, Cpl Ricky Fontenot was dispatched to a criminal damage to property complaint (later revised to suspicious circumstances) at 416 Doucet Rd, 112A, Lafayette, LA.

I arrived at approximately 1728hrs and spoke with complainant Ellen [Mintz]. Ellen stated that she has been having ongoing issues with her neighbors Patrick Wartelle and Emily Gibson (Condo #2E). Ellen indicated that the harassment includes "daily stares", allowing their large dog to defecate on the property lawn, and leaving bags of dog feces on her back patio area. Today, after returning home from running errands, Ellen discovered what she believed to be damage to her wooden fence. Ellen believes that the damage was caused by Emily and Patrick.

I did observe the fence to be damaged, however, only to be weather/normal wear and tear damage. I observed no tool marks or anything that would suggest that someone damaged the fence.

6

I was able to speak with Emily at condo #2E. Patrick was not home at the time of the investigation. Emily stated that it is her and Patrick that are being harassed by Ellen. Emily also commented that they have also had bags of dog feces placed on their back patio area.

After obtaining written statements, both Ellen and Emily were given case cards and told a report would be filed only to document the claims made by both parties.

In his deposition introduced as an exhibit to Defendant's motion for summary judgment, Corporal Fontenot stated that he arrived on the scene at the complex and spoke with Ms. Mintz, who advised him that the fence around her patio had been damaged and that she felt like Mr. Wartelle and his girlfriend had done it. When he viewed the fence, he observed damage, but he believed the damage to be ordinary weather-related damage and/or from normal wear and tear, not intentional damage. In addition to speaking with Ms. Mintz at the scene, Corporal Fontenot spoke with Mr. Wartelle's girlfriend, Ms. Gibson. When asked about his impressions and thoughts on Ms. Mintz's state of mind, he replied, "[s]o when it comes to these types of cases, and the whole reason I did a report, is perception is reality to some people." He added, "[a]nd she [had] a complaint. Every call is important. That's how I see it." Significantly, Corporal Fontenot also stated that "[y]ou know, I don't think anyone there that day was trying to deceive me --- my opinion on that."

Considering the exhibits filed on behalf of Ms. Mintz in support of her motion, we conclude that she did establish the lack of support for one or more of the claims of Mr. Wartelle's defamation suit, namely a lack of support that she made a false or defamatory assertion of fact. Therefore, the burden on her motion for summary judgment shifted to him to establish that there are genuine issues of fact in dispute. La.Code Civ.P. art 966(D). Further, as Mr. Wartelle also moved for summary judgment, which was denied by the trial court, he bears the burden of establishing

7

that the are no issues of material fact in dispute and that he is entitled to judgment as a matter of law. *Id.*

In opposition to Defendant's motion for summary judgment and in support of his own, Plaintiff filed his own affidavit as an exhibit, to establish his claim of defamation, which states the following, in part:

> Defendant, Ellen Mintz, wrongfully lied to the Lafayette Police Department law enforcement authorities and claimed that Petitioner herein caused damage to a fence and/or gate surrounding a patio adjacent to a condominium owned by Defendant, Mintz, and Defendant lied and claimed to those law enforcement officials that Petitioner created damage to her vehicle.

Contrary to Mr. Wartelle's statement, the deposition of Corporal Fontenot establishes otherwise. Corporal Fontenot clearly states that he did not believe that he was being deceived by the complainant Ms. Mintz, nor by Ms. Gibson. As he earlier stated, "perception is reality to some people." Clearly, Corporal Fontenot took the statements of Ms. Mintz to be merely her perceptions or opinion as to what happened. Perception is defined as "[a]n observation, awareness, or realization[]" that is "based on physical sensation or experience; appreciation or cognition. The term includes both the actor's knowledge of the actual circumstances and the actor's erroneous but reasonable belief in the existence of nonexistent circumstances." *Black's Law Dictionary* (11th ed. 2019). It is synonymous with an opinion and is "a belief or opinion, often held by many people and based on how things seem[.]" *Cambridge Dictionary* (5th ed. 2020).

In *Bussie v. Lowenthal*, 535 So.2d 378, 380 (La.1988), the supreme court held that "a statement of opinion" does not "give rise to a defamatory factual inference[]" and, thus, "the statement is protected by the First Amendment to the United States Constitution."

> A pure statement of opinion, which is based totally on the speaker's subjective view and which does not expressly state or imply

8

the existence of underlying facts, usually will not be actionable in defamation[.] That is because falsity is an indispensable element of any defamation claim, *see Cangelosi v. Schwegmann Bros.*, 390 So.2d 196, 198 (La.1980), and a purely subjective statement can be neither true nor false. Of course, statements of opinion are usually not made in a vacuum, without an express or implied reference to underlying facts. Even if no facts are expressly stated, the opinion may give rise to an unspoken inference that certain facts are true. *Mashburn* [*v. Collin*], 355 So.2d [879, ] 885-86 [(La.1977)]. For example, if a person states that "In my opinion, Mr. Smith is a thief," the inference is that the speaker is aware of facts which support his opinion. Such a statement, though couched in terms of an opinion, could certainly give rise to a defamation action.

We held in *Mashburn* that even if an opinion gives rise to false factual inferences, the defendant will be liable only if the statement was made with "knowing or reckless falsity." *Id.* at 885. Of course, if the opinion does not involve an express or implied assertion of fact there can be no liability, because without an assertion of fact there can be no falsity. And even if the opinion creates an inference that certain facts exist, the factual assertion must be defamatory in order to be actionable, as defamatory words are another essential element of any defamation claim. *Freeman v. Cooper*, 414 So.2d 355 (La.1982).

The determination of whether a statement is an assertion of fact or a mere expression of opinion should be made according to the facts of each particular case. In *Mashburn*, we noted that "the crucial difference between statement of fact and opinion depends upon whether ordinary persons hearing or reading the matter complained of would be likely to understand it as an expression of the speaker's or writer's opinion, or as a statement of existing fact." 355 So.2d at 885. If it can be determined from the application of this test that the statement was an expression of opinion, then the defamation action should fail, *unless* the opinion gives rise to a false and defamatory factual inference which was made with actual malice.

*Id. at* 381 (footnote omitted).

Based upon the above, we find there are no issues of material fact precluding summary judgment here. Mr. Wartelle has not and cannot establish the initial prong of his burden of proof for a defamation action, that Ms. Mintz made a "false and defamatory statement[.]" *Costello*, 864 So.2d at 139. Corporal Fontenot did not take the statements as fact, as he testified, and this is also clearly reflected in his actions, as he did not act on her statements other than to make the proper record of what occurred at the scene, as he is required to do. Accordingly, we find no error in the

judgment of the trial court and affirm the granting Defendant's motion for summary judgment, as well as the denial of Plaintiff's cross motions for summary judgment and partial summary judgment.

## DECREE

The judgment of the trial court granting the motion for summary judgment in favor of Defendant, Ellen Mintz, and against Plaintiff, Patrick M. Wartelle, further denying the motion for summary judgment of Plaintiff, Patrick Wartelle, is affirmed, dismissing the demands of the Plaintiff at his cost. Costs of this appeal are assessed to Plaintiff/Appellant, Patrick M. Wartelle.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.