368 So.2d 181 (1979)
Lawrence D. TRAHAN
v.
R. C. RITTERMAN.
No. 12399.
Court of Appeal of Louisiana, First Circuit.
February 12, 1979.
*182 Clinton Hyatt, Jr., Baton Rouge, of counsel for plaintiff-appellant, Lawrence D. Trahan.
Woodrow Wyatt, Baton Rouge, of counsel for defendant-appellee, R. C. Ritterman.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
Defendant (Appellant) appeals from judgment awarding plaintiff (Appellee) $1,000.00 in general damages for defamatory statements by Appellant accusing Appellee of theft. Appellee has also appealed *183 requesting an increase in the amount of the award. We affirm.
The litigants were co-owners of a trailer camp situated on Grand River in Iberville Parish. The camp was furnished with articles belonging to the owners individually and in indivision. Plaintiff's interest in the camp began to wane and in July, 1974, Appellant agreed to purchase plaintiff's share. Before the sale was confected, plaintiff removed certain personal articles from the camp and so informed defendant who requested that plaintiff not reenter the camp without Appellant's permission. Upon visiting the camp following the sale, Appellant discovered that certain articles of minor value, most of which belonged to plaintiff, were missing. Noting that entry was obviously by key (since no evidence of forcible entry was detected), and observing signs indicative of known characteristic traits of plaintiff, defendant filed a burglary report with the Iberville Parish Sheriff's Department and named plaintiff as a possible suspect. Although plaintiff was contacted by the Sheriff's Department, plaintiff was never formally arrested or prosecuted. As might be expected, ill feeling arose between the parties. On several occasions Appellant related to mutual friends Appellant's suspicion of plaintiff's involvement in the alleged burglary and the subsequent vandalism of Appellant's camp sign which was damaged, apparently with the aid of a truck. Appellant also contacted Vincent Filardo, a mutual relative of the parties, who was also plaintiff's employer. Appellant related to Filardo the circumstances involved and requested Filardo's intervention as peacemaker or intermediary to heal the rift which had developed.
Plaintiff ignored Appellant's overtures of reconciliation and filed this action alleging that defendant intentionally and maliciously defamed plaintiff's reputation and good name by informing numerous parties that plaintiff had burglarized and vandalized Appellant's camp. Defendant answered in the form of a general denial the substance of which is as follows:
"For lack of sufficient information to justify a belief in the truth thereof, the defendant, R. C. Ritterman, denies the allegations of Articles I, II, III, IV, V, VI, and VII of plaintiff's petition."
At trial Appellant offered evidence to establish that the statements were privileged and also true. Plaintiff objected to such proof on the ground that truth and privilege are affirmative defenses which must be specially pleaded in answer. The trial court, however, allowed proof on the ground that these issues had been raised in pre-trial conference. After trial on the merits, the lower court found that the statements were not true and that some were not privileged. The court found that no burglary had occurred as contended by Appellant because, assuming plaintiff to have been the trespasser, the articles taken were of insignificant value and belonged to plaintiff in the first place. The trial court also found that Appellant's accusations were based purely on circumstances and were largely the result of ill feeling which developed between the parties, in some measure occasioned by plaintiff's demand for immediate payment for plaintiff's interest, which payment Appellant contends plaintiff had agreed to defer to suit Appellant's convenience. Appellant's filing of the burglary report was found by the trial court to have been improvident in that it was not based on probable cause.
Appellant maintains the trial court erred in: (1) holding that falsity of defamatory statements may be presumed without a showing of fault on defendant's part; (2) finding that the statements were not justified as true; (3) holding that the statements were not privileged; (4) holding that damages may be presumed without proof thereof; and, (5) awarding excessive damages.
Words which impute criminal action to another are defamatory per se. Snowden v. Pearl River Broadcasting Corp., 251 So.2d 405 (La.App. 1st Cir. 1971); Parsons v. Gulf & South American Steamship Co., 194 So.2d 456 (La.App. 4th Cir. 1967).
*184 Relying on Martin v. Markley, 202 La. 291, 11 So.2d 593 (1942) and Carter v. Catfish Cabin, 316 So.2d 517 (La.App. 2d Cir. 1975), the trial court properly held that when alleged defamatory words are found to be defamatory per se, falsity and malice are presumed and defendant bears the burden of rebutting the presumption.
Defendant argues, however, that the United States Supreme Court decisions of Time, Inc. v. Firestone, 424 U.S. 448, 96 S.Ct. 958, 47 L.Ed.2d 154 (1975) and Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1973), have nullified our prior jurisprudence holding that defamatory statements, such as those involved herein, constitute defamation per se and thus relieve plaintiff of the burden of proving falsity and malice. These authorities, in effect, prohibit states from imposing liability without fault and require a greater burden of proof on plaintiff's part as regards news media defendants in defamation suits. We find Firestone, above, and Gertz, above, inapplicable herein insofar as concerns proof of the issues of falsity and malice. See Rosen v. Reed, 351 So.2d 1284 (La.App. 1st Cir. 1977) (concurring opinion).
We believe the cited Supreme Court decisions leave intact our jurisprudence on defamation, provided liability is not imposed without fault. Our jurisprudence requires that the following elements be shown to maintain an action in defamation: (1) defamatory words; (2) publication, that is communication to one other than the party defamed; (3) falsity; (4) malice, actual or implied; and, (5) resulting injury. Ward v. Sears, Roebuck & Co., 339 So.2d 1255 (La. App. 1st Cir. 1976); Shylock, Inc. v. Covenant Broad. Corp. of La., 352 So.2d 379 (La.App. 4th Cir. 1977).
We find that the trial court did not rely on the presumption of malice and falsity applicable when words are defamatory per se, but made a specific finding of falsity on the premise that the articles allegedly taken belonged to plaintiff and therefore could not be the subject of theft by plaintiff. We find this determination amply supported by the record.
Proof of the truth of a defamatory statement is an absolute defense to an action of defamation. Deshotel v. Thistlethwaite, 240 La. 12, 121 So.2d 222 (1960); Rosen v. Capital City Press, 314 So.2d 511 (La.App. 1st Cir. 1975). The burden of proving the truth of a defamatory statement lies with the defendant; Rosen v. Reed, supra; Parsons v. Gulf & South American Steamship Co., supra.
As previously noted, the trial court allowed defendant to offer proof of the alleged truth and privilege over plaintiff's objection that these affirmative defenses had not been pled in defendant's answer. La.C.C.P. Article 1005 enumerates various affirmative defenses which must be specially pleaded in answer. The list is illustrative, not exclusive.
Affirmative defenses raise new matters which, assuming the allegations of the petition to be true, constitute defenses to the action which have the effect of defeating plaintiff's demands on the merits. Webster v. Rushing, 316 So.2d 111 (La. 1975); Langhans v. Hale, 345 So.2d 1226 (La.App. 1st Cir. 1977).
In a defamation action the defenses of truth and privilege fall in the category of affirmative defenses which must be pled in defendant's answer since proof of either defeats plaintiff's action. Pastrana v. Katz, 179 So. 117 (La.App.Orl.1938).
In this case, neither such defense was pleaded in defendant's answer. At pre-trial conference, however, defendant indicated intent to establish the truth of the statements made but made no mention of privilege. At trial defendant offered evidence of both truth and privilege, which testimony was timely objected to by plaintiff. The trial court allowed proof of both truth and privilege on authority of Austrum v. City of Baton Rouge, 282 So.2d 434 (La.1973), wherein the Supreme Court held that the affirmative defense of contributory negligence was available to a defendant who had not raised the issue in answer but who advanced the issue at pre-trial conference. *185 Austrum, above, held that the purpose of La.C.C.P. Article 1005 is to give plaintiff fair notice of the defense and prevent surprise, and that where notice is given at pre-trial, the requirement of Article 1005, above, is satisfied.
In view of the pleadings and record herein, we find that the trial court correctly allowed evidence of the alleged truth of defendant's statements, but erred in allowing defendant to offer proof of privilege. Finding that the defense of privilege was not properly raised, we pretermit consideration thereof.
Plaintiff steadfastly denied having visited defendant's camp at any time proximate to the incident in question. He also stated he had not been to the camp for almost one year prior to the alleged burglary, except for an occasion when he retrieved certain personal belongings to defendant's knowledge. The trial court determined the accusations to be untrue. We find no error in this conclusion and therefore affirm the ruling. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
We find no merit in Appellant's argument that the trial court erred in holding, contrary to Firestone and Gertz, above, that a mere assertion of criminal conduct is injurious to the reputation of the defamed party and entitles such party to damages without proof thereof.
Our law is well established to the effect that even in the absence of proof of pecuniary loss, injury to reputation may result from the nature of the defamatory words alone. Wilson v. Capital City Press, 315 So.2d 393 (La.App. 3d Cir. 1975). In several instances our jurisprudence has held that a presumption of damage arises from a false accusation of theft. See, for example, Lucas v. Ludwig, 265 So.2d 245 (La.App. 4th Cir. 1972) and cases therein cited.
Significantly, we note that in Gertz, above, the Supreme Court held that, with few exceptions, states may not allow recovery for presumed damages in defamation cases, but must instead award damages on competent evidence thereof. We also note in Gertz the following language:
". . . It is necessary to restrict defamation plaintiffs who do not prove knowledge of falsity or reckless disregard for the truth to compensation for actual injury. We need not define "actual injury," as trial courts have wide experience in framing appropriate jury instructions in tort actions. Suffice it to say that actual injury is not limited to out-of-pocket loss. Indeed, the more customary types of actual harm inflicted by defamatory falsehood include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering. Of course, juries must be limited by appropriate instructions, and all awards must be supported by competent evidence concerning the injury, although there need be no evidence which assigns an actual dollar value to the injury.. . ."
We interpret the foregoing to mean that damages for humiliation, embarrassment and mental anguish and suffering, although required to be shown by competent evidence, need not be established in terms of pecuniary value.
In Firestone, above, the court affirmed damages based on the testimony of several witnesses who attested to plaintiff's anxiety and concern over inaccurate reports published by defendant concerning plaintiff's divorce. Firestone affirmed Gertz, supra, by reiterating that states may award defamation damages based on elements other than injury to reputation, such as personal humiliation, embarrassment and mental anguish and suffering.
In this instance, the trial court found little damage to plaintiff's reputation because numerous witnesses testified that their personal opinions of plaintiff had not changed inasmuch as they did not believe Appellant's accusations to be true. The record contains, however, testimony of plaintiff, plaintiff's wife, and other witnesses concerning plaintiff's humiliation and embarrassment resulting from plaintiff being contacted by law enforcement officials *186 and repeated teasing endured by plaintiff at the hands of co-workers on the job. We find adequate proof in the record upon which the trial court could award plaintiff damages for humiliation, embarrassment and mental pain and anguish.
As regards quantum, it is well settled that in such matters the trier of fact is vested with considerable discretion the exercise of which will not be disturbed on appeal except in case of a showing of manifest error. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Finding no such error herein, we affirm the award.
The judgment is affirmed at the cost of defendant-appellant, R. C. Ritterman.
Affirmed.