428 So.2d 1261 (1983)
Michael G. RENNIER, Plaintiff-Appellee,
v.
STATE of Louisiana, Through the DEPT. OF PUBLIC SAFETY, Defendant-Appellant.
No. 82-571.
Court of Appeal of Louisiana, Third Circuit.
March 9, 1983.
*1262 Alex D. Chapman, Jr., Ville Platte, for defendant-appellant.
James C. Dixon and Howard Elliot, Baton Rouge, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and LABORDE, JJ.
LABORDE, Judge.
Michael G. Rennier, plaintiff-appellee, filed a suit for defamation against the State of Louisiana, thru the Department of Public Safety, defendant-appellant. The trial court rendered judgment in favor of Rennier and awarded him $6,000.00 in general damages for the injuries which he sustained. The State of Louisiana appeals. Rennier answers requesting an increase in the amount of the award. We affirm.
The issues presented on appeal are as follows:
1) Whether or not the publication of the Motor Vehicle Report with the notation "Perjury" was defamatory to Rennier.
2) Whether or not the publication was privileged.
3) Whether or not Rennier suffered any injury if he was defamed.
4) Whether or not the amount of the award is sufficient.
Rennier was involved in a motorcycle accident in Baton Rouge, Louisiana on June 6, 1976. Following this accident, the Louisiana Department of Public Safety suspended his drivers license for failing to comply with Louisiana's Compulsory Insurance laws. Rennier moved to California shortly after the accident and never received notice that his driving privileges had been suspended.
Upon returning to Louisiana on April 18, 1977, Rennier applied for a Louisiana driver's *1263 license. In reference to whether he had been suspended by any state or was he under suspension in any state, Rennier marked "no".
Based upon the above sequence of events, the Department of Public Safety on August 17, 1977, entered the word "perjury" on Rennier's driving record.
Rennier exonerated himself of "perjury" at a January 31, 1980, Department Hearing which he initiated.
However, in spite of his exoneration, from August 17, 1977, until December 22, 1980, the word "perjury" remained on plaintiff's driving record and was communicated to all persons requesting an MVR, Motor Vehicle Report.
On November 4,1980, Rennier filed a suit for defamation. He contended that the word "perjury" on his driving record constituted defamatory action against him.
The State of Louisiana argues that the trial court erred in its written reasons in finding that Rennier was "defamed because the action of the state was false, and it was done with implied malice, and which resulted in injury."
To maintain an action in defamation, the following elements must be shown: (1) defamatory words; (2) publications; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Cangelosi v. Schwegmann Bros., Etc., 390 So.2d 196 (La.1980).
The trial court's written reasons are as follows:
"This case seems clear to the Court that the plaintiff was in fact defamed because the action of the State was false, and it was done with implied malice and which resulted in injury. Certainly, the MVR, the driver's license record of plaintiff, was accessible to every police department, every insurance company, and usually by anyone who had the knowledge of how to secure such report who could have viewed the notation of "perjury" on plaintiff's driver's license record. There can be no question of falsity because certainly the plaintiff was not guilty of perjury for stating that his license was never suspended, even though it had been. It would seem to this Court that in the vocabulary of the Department of Public Safety there would have been a more accurate notation for this type of technical violation, even if true. In this case, the Court is of the opinion that the plaintiff was never in violation since he never received actual notation of the suspension for not having provided insurance information to the State. The State of Louisiana in this case was so grossly and wantonly negligent in placing the notation of "perjury" on his driving record is almost unbelievable, and further to continue to carry the notation even after the hearing is even more convincing that the State was guilty of implied malice....
... The Court is also convinced that the plaintiff did in fact suffer injuries and damages as a result of this defamation because of his field of police work and his efforts to have his license restored and his record cleared. The Court could not imagine a more damaging feeling or state of mind on a person than to be labeled a perjurer. If this officer had been called to testify in a sensitive case, and his driver's record would have been produced, the State of Louisiana and the victims of crime could be highly prejudiced because of the credibility of the witness. Also, the very idea of a police officer operating a police vehicle without a license must have been a traumatic experience to the plaintiff."
After a review of the record, we find the above determinations amply supported. The trial court failed to specifically address the issue of whether the word "perjury" was defamatory. It is obvious that the trial court concluded the word "perjury" to be defamatory.
Words which impute a crime to another are defamatory per se and proof of malice is not required. Cangelosi v. Schwegmann Bros., Etc., supra. Perjury is defined as a felony under LSA-R.S. 14:123. The placing of the word "perjury" upon an official report gives the imputation of a conviction of perjury which is a crime under *1264 Louisiana law. Therefore, we conclude the trial court was not erroneous in determining that an act of defamation was present. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
The State of Louisiana admits publication, but argues that the communication made was a privileged communication.
In Louisiana, a qualified privilege is granted for a publication made in good faith, on a subject matter in which the communicator has an interest or in reference to which he has a duty, and to a person having a corresponding interest or duty. Clements v. Ryan, 382 So.2d 279 (La.App. 4th Cir.1980). It is Rennier's burden to show that the Department of Public Safety lacked good faith in its communications with persons who received such communications. Clements v. Ryan, supra. Good faith was defined in Ward v. Sears, Roebuck & Co., 339 So.2d 1255 (La.App. 1st 1976), as:
"In this context good faith means a statement made with reasonable grounds for believing it to be true. Only when lack of such reasonable grounds is found can it be said the person uttering the statement is actuated by malice or ill will."
A review of the record revealed that the Department of Safety had full knowledge following the January 31,1980, administrative hearing that Rennier had not committed "perjury". However, the Department of Safety saw fit to continue communicating such falsity to anyone who requested a MVR despite a lack of reasonable grounds for believing it to be true. Therefore, we conclude that Rennier has met his burden of proof and that the communications were not privileged.
Finally, we consider the State of Louisiana's argument that Rennier sustained no damages.
Our law is well established to the effect that even in the absence of proof of pecuniary loss, injury to reputation may result from the nature of the defamatory words alone. Wilson v. Capital City Press, 315 So.2d 393 (La.App. 3rd Cir.1975). The First Circuit in Trahan v. Ritterman, 368 So.2d 181 (La.App. 1st Cir.1979), stated:
"... damages for humiliation, embarrassment and mental anguish and suffering, although required to be shown by competent evidence, need not be established in terms of pecuniary value."
Therefore, we find that Trahan v. Ritterman, supra, has extended defamation damages to include damages based on elements other than injury to reputation, such as personal humiliation, embarrassment and mental anguish and suffering.
In this instance, the trial court found little damage to Rennier's reputation due to the fact he was employed by the Alexandria Police Department during this period of time. The record contains, however, testimony of Rennier concerning his humiliation and embarrassment of driving without a license and the subsequent explanation of the word "perjury" on his motor vehicle record. We find adequate proof in the record upon which the trial court could award Rennier damages for humiliation, embarrassment and mental pain and suffering.
As regards quantum, it is well settled that in such matters the trier of fact is vested with considerable discretion the exercise of which will not be disturbed on an appeal except in case of showing of manifest error. Reck v. Stevens, 373 So.2d 498 (La.1979). Finding no such error herein, we affirm the trial court's award. Therefore, we deny any request for an increase or a decrease.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs in the amount of $367.02 are assessed to defendant-appellant, State of Louisiana, thru the Dept. of Public Safety, as provided by law.
AFFIRMED.