619 So.2d 190 (1993)
John Barry LEGE, Plaintiff-Appellant,
v.
Audrey WHITE, et al., Defendant-Appellee.
No. 92-1042.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1993.
Paul Joseph Hebert, Abbeville, Keith Armand Rodriguez, Lafayette, for John Barry Lege.
Gordon Peter Sandoz, II, Abbeville, for Audrey White et al.
Gary Evans Theall, Abbeville, for John O'Neal.
Before DOMENGEAUX, C.J., and YELVERTON and SAUNDERS, JJ.
DOMENGEAUX, Chief Judge.
John Barry Lege filed this suit against Audrey White and John D. O'Neal for damages resulting from defamation and conversion of cattle. After a bench trial, judgment was rendered in favor of Lege and against White; monetary damages of $500.00 for defamation and $5,000.00 for conversion were awarded to Lege. O'Neal was dismissed from suit. Lege has appealed the award of damages, seeking an increase in the amount awarded for the defamation claim. White neither appealed nor answered the appeal. We amend the judgment rendered by the trial court, and as amended, affirm.

FACTS
Winnie Kibbe, a widow, owned approximately 750 acres of land near Intracoastal City in rural Vermilion Parish. Kibbe lived on the land, raised cattle, and leased some of the land for farming and other purposes. Lege, a long time family friend of Kibbe, began helping out on the property in the early 1980s, after Kibbe's husband died. The employees of Lege's now defunct company, Swampland Enterprises, Inc., were often instructed to perform work on Kibbe's property. In late 1981, Lege moved a house onto the property and began living there.
The evidence reveals that Kibbe and Lege had a close personal relationship, similar to that of mother and son. Lege had no lease on the property, nor was he paid for his work. However, Kibbe reimbursed some of his expenses and told him on occasion that she would leave him some of her property upon her death.
*191 In 1986, Audrey White, Kibbe's niece began working on the property. At this time, Kibbe was married to John O'Neal, whom she later divorced after four years of marriage when it was discovered that O'Neal had never divorced his first wife. At this time, both White and O'Neal assisted Kibbe in taking care of her property. Lege, too, continued his work on Kibbe's behalf.
Four months after White's arrival, Kibbe's lawyer sent an eviction notice to Lege. Lege testified that he was shocked when he received the letter and had no idea what could have caused Kibbe to evict him.[1] In the next several months, Lege learned from various people in the community that White was making defamatory remarks about him. Specifically, Lege was told that White said, on more than one occasion and to more than one person, that she was an undercover narcotics agent for the Vermilion Parish Sheriff's Office and was investigating Lege for the use and sale of illegal drugs. Lege was also informed of other rumors, allegedly emanating from White and O'Neal, in which Lege was implicated for drug use and for hosting parties involving nudity, sex, and drug use ("nudes," "hippies," and "dopers").
As a result of these rumors, Lege testified that he was emotionally destroyed and hurt. The situation was constantly on his mind and he remained upset at the time of trial. He believed that the rumors jeopardized his loving relationship with Kibbe and caused her to evict him and sever their friendship.
In his reasons for judgment, the trial judge found that White, but not O'Neal, defamed Lege and converted his property. He found that White's comments concerning involvement with drugs were defamatory per se, as they were accusatory of a crime. The trial judge awarded Lege $500.00 as damage to his reputation as a result of the defamation. The trial judge sought to justify this low award by referring to other incidents in Lege's past which could have contributed to his loss of reputation. The judge also found that Lege's eviction was not caused by White's defamation and therefore did not award damages resulting from the eviction. The trial judge did not address other elements of defamation damages, such as humiliation, embarrassment and mental anguish.
In this appeal, Lege argues that the award for loss of reputation should be increased, and an award for mental anguish should be granted. Lege does not appeal the dismissal of O'Neal, nor does he appeal that portion of the judgment awarding him damages for White's conversion of his cattle. Therefore, those issues will not be discussed.

DEFAMATION DAMAGES
Damages resulting from defamation can include injury to reputation, personal humiliation, embarrassment, and mental anguish and suffering. Rennier v. State, Through Department of Public Safety, 428 So.2d 1261 (La.App. 3d Cir. 1983). These are separate elements of damage. Rennier. Defamation damages must be proved by competent evidence, but there is no need to establish the actual pecuniary value of the injury suffered. Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); Trahan v. Ritterman, 368 So.2d 181 (La.App. 1st Cir.1979).
With regard to quantum, we have briefly reviewed a sampling of Louisiana cases in which damages for defamation have been considered by the appellate courts. Before the turn of the century, awards for slander per se ranged from $300.00 to $1,000.00. See Savoie v. Scanlan, 43 La.Ann. 967, 9 So. 916 (La.1891). By 1936, damages for slander remained at about $500.00. See Reeder v. Pace, 171 So. 113 (Orl.App.1936). ($125.00 award increased to $300.00, the amount prayed for.) In a 1968 case, the Fourth Circuit raised a $1,500.00 award to $4,500.00. Greenberg v. De Salvo, 216 So.2d 638 (La.App. 4th Cir.1968), reversed in part on other grounds, 254 La. 1019, 229 *192 So.2d 83 (La.1969), cert. denied, 90 S.Ct. 1521, 397 U.S. 1075, 25 L.Ed.2d 809 (1970). However, in 1979 and 1980, awards of $1,000.00 and $1,500.00 were upheld. Trahan, supra; Freeman v. Cooper, 390 So.2d 1355 (La.App. 4th Cir.1980). In Rennier, supra, a 1983 case, this court affirmed a $6,000.00 award, and in 1991, in Melancon v. Hyatt Corp., 589 So.2d 1186 (La.App. 4th Cir.1991), writ denied, 592 So.2d 411 (La.1992), the Fourth Circuit lowered a $90,000.00 award to $10,000.00, "the highest amount the jury could have reasonably awarded for pain and suffering, embarrassment and humiliation, and loss of reputation, combined." 589 So.2d at 1192.
While this is by no means a complete list of defamation damages awarded in Louisiana, it is a sampling of cases in which awards for loss of reputation, humiliation, embarrassment, and mental anguish have been reviewed and explained. Further, the acts of defamation in these cases, and the damages resulting therefrom, were similar to that revealed in the record of the present case.
In the instant case, the trial court found little damage to Lege's reputation due to one or two prior incidents of suspicious events dating back to 1970. Further, based primarily on credibility determinations, the trial judge declined to "place the whole burden of these rumors on Ms. White," but did hold her responsible to some extent. White was ordered to pay damages to Lege in the amount of $500.00 as injury to his reputation.
As a distinct and separate element of damage, we affirm this award. It was based on credibility determinations and was within the discretion of the trier of fact. However, the court's failure to award damages for Lege's mental anguish and suffering, which were proved by competent evidence, was error.
Lege testified as to his injured feelings which resulted from White's defamation. Although his mental suffering may have been caused in part by the eviction, which would not be compensable due to the trial court's finding that the eviction was not prompted by the defamation, it is clear that the defamatory statements themselves caused Lege some mental anguish and suffering, separate from the injury to his reputation. After reviewing the testimony in detail, we conclude that an award of $5,000.00 would adequately compensate Lege for this element of his damage, and will amend the judgment accordingly.

DECREE
For the foregoing reasons, the judgment of the trial court rendered against Audrey White is amended to award John Barry Lege $5,000.00 as damages for mental anguish. In all other respects, the judgment is affirmed. Costs of this appeal are assessed to Audrey White.
AFFIRMED AS AMENDED.
NOTES
[1] The eviction was litigated, and this Court's decision in the matter was published. See Kibbe v. Lege, 604 So.2d 1366 (La.App. 3d Cir. 1992), writs denied, 606 So.2d 540, 541 (La. 1992).