862 So.2d 410 (2003)
Jane E. McKOIN, et al., Plaintiffs-Appellees,
v.
Eugene HARPER, et ux., Defendants-Appellants.
No. 37,984-CA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 2003.
*411 Travis Holley, Bastrop, for Appellants.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., by Robin D. McGuire, Lafayette, Hamilton & Carroll, by John Clay Hamilton, Oak Grove, for Appellees.
Before WILLIAMS, MOORE, and LOLLEY, JJ.
LOLLEY, J.
Eugene Harper, Joyce Edwina Harper, Harold B. Summarell, Dorothy Summarell, and Gary B. Harper (collectively, the "Harpers") appeal the judgment of the Fourth Judicial District Court, Parish of Morehouse, Louisiana, in favor of Jane W. McKoin, Kelsey S. McKoin, Carol Ann Harrington, and L. Scott McKoin (collectively, the "McKoins"). For the following reasons, we reverse in part and render and affirm in part.

FACTS
The underlying facts in this boundary dispute have been reported in this court's opinion McKoin v. Harper, 36,533 (La. App.2d Cir.01/31/03), 836 So.2d 1260, writ denied, XXXX-XXXX (La.05/02/03), 842 So.2d 1104 ("McKoin I"). In that opinion, this court affirmed the judgment of the trial court in favor of the Harpers, who were the defendants in the original and underlying action.
In the trial court's Amended and Restated Judgment, the McKoins were ordered to pay all costs of the litigation. Specifically, that judgment stated, "Plaintiffs [the McKoins] are to pay all costs of these proceedings."[1] Prior to the rendering of this court's opinion in McKoin I, the Harpers filed with the trial court their Motion to Tax Costs, specifically seeking an order taxing the McKoins with the costs and fees of the Harpers' expert surveyor, Michael P. Mayeux, P.L.S. ("Mayeux"), in the amount of $81,231.20. In response, the McKoins filed their Motion to Dismiss Motion to Tax Costs, wherein they argued that the trial court's jurisdiction was divested as a result of the pending appeal and the matter of the costs could not be decided. Counsel for the Harpers, via correspondence, requested the motion to dismiss be withdrawn based on La. C. Civ. P. art. 2088, which states, in pertinent part:
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely *412 filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:

* * *
(10) Set and tax costs and expert witness fees.
When the McKoins did not withdraw their motion to dismiss, the Harpers filed an opposition to same and requested sanctions be imposed against the McKoins. Subsequently, the McKoins filed their own Motion to Tax Costs against the Harpers, asking the trial court to tax as costs the fees and costs of the McKoins' two experts in the amount of $59,071.00. In response to that filing of the McKoins, the Harpers again sought sanctions alleging that the McKoins had brought a clearly improper motion.
After a hearing on the issue of the costs and sanctions, Judge Dimos held the matter in abeyance for thirty (30) days to give the parties a chance to resolve the matter between themselves. Subsequently, however, Judge Dimos entered a judgment on the matter awarding $60,000 to the Harpers for Mayeux's fees and costs. The trial court's judgment did not address the sanctions requested by the Harpers; however, at the previous hearing, Judge Dimos had noted that he was "... willing to forget all the sanctions....."The appeal of that judgment by the Harpers ensued.

DISCUSSION
The Harpers raise two assignments of error on appeal. First, the Harpers argue the trial court erred in taxing a lower amount than the amount they actually incurred for their expert, Mayeux. The Harpers state that Mayeux's fee of $81,231.20 was reasonable under the circumstances and resulted from his survey of the disputed land, time spent preparing the survey plats produced and used at trial, and three days time spent at the trial at which he testified.
La. R.S. 13:3666 A is applicable regarding compensation for expert witnesses. The statute states, in pertinent part, as follows:
Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
Witnesses called to testify as expert witnesses shall be compensated for their services, with the amount to be determined by the court and taxed as costs to be paid by the party cast in judgment. Hammock ex rel. Thompson v. Louisiana State University Medical Center in Shreveport, 34,086 (La.App.2d Cir.11/01/01), 772 So.2d 306, citing, La. R.S. 13:3666. An expert witness is entitled to reasonable compensation for his court appearance and for his preparatory work. The trial judge is not required to set an expert fee at the amount charged by the expert witness and has great discretion in awarding and fixing costs and expert fees. However, a trial court's assessment of costs can be reversed by an appellate court upon a showing of abuse of discretion. Id., citing, Smith v. Scott, 26,849 (La.App.2d Cir. 05/10/955), 655 So.2d 582, writ denied, 95-1450 (La.09/22/95), 660 So.2d 475.
Factors to be considered by the trial judge in setting an expert witness fee include time spent testifying, time spent in preparatory work for trial, time spent *413 away from regular duties while waiting to testify, the extent and nature of the work performed, and the knowledge, attainments and skill of the expert. Hammock, supra. Additional considerations include helpfulness of the expert's report and testimony to the trial court, the amount in controversy, the complexity of the problem addressed by the expert, and awards to experts in similar cases. Id.
Here, Judge Dimos set Mayeux's fee at $60,000, lower than the total fee of $81,231.20. However, there is no indication that the trial court considered any of the stated factors when making the award of a lower amount than actually charged by Mayeux. Pursuant to his oral ruling on March 3, 2003, Judge Dimos noted Mayeux's fees and costs of $81,231.20, but also noted that the expert fees and costs incurred by the McKoins was less than $60,000. Further, Judge Dimos stated that after the previous hearing on the matter, he had not heard from the parties regarding a resolution, and he set Mayeux's fee at $60,000, which he deemed "to be reasonable and fair and not excessive."[2] In fact, although he deemed $60,000 was reasonable and not excessive, Judge Dimos made no findings that Mayeux's fees and costs as requested by the Harpers were unreasonable, nor was there any proof of such. In fact, the McKoins themselves incurred over $59,000 in expert fees for their surveyors used for a matter in which they failed to prevail.
Mayeux was accepted at the original trial by Judge Ingram as an expert registered land surveyor. A description of Mayeux's work is set forth in McKoin I. Obviously, Judge Ingram relied heavily upon Mayeux's expert opinion in reaching the ultimate conclusion in favor of the Harpers, which we affirmed in McKoin I. Additionally, as the trial transcript of the original proceedings reflects, Judge Ingram was fully aware that at the time of the trial, Mayeux's fees and costs in excess of $65,000 had already been paid, which amount had not even included Mayeux's fees for trial preparation and appearance. With this knowledge in hand, and surely the expectation that the Harpers had incurred additional fees and costs as a result of the trial, Judge Ingram assessed "all costs" to the McKoins. For Judge Dimos to subsequently award an amount even less than that which Judge Ingram had knowledge of during the original trial, particularly without articulating any reasons for doing so, was clearly an abuse of discretion. For these reasons, we reverse that portion of the judgment awarding $60,000 in expert witness fees and costs and render judgment in favor of the Harpers in the amount of $81,231.20 for Mayeux's expert witness fees and costs.
The Harpers also argue that the trial court further erred in failing to impose sanctions against the McKoins. After filing their Motion to Tax Costs and in connection with the pleadings the McKoins had filed in response to the Harpers' motion, the Harpers sought sanctions against the McKoins pursuant to La. C.C.P. art. 863.
The trial court has discretion to sanction under La. C.C.P. art. 863. Unkel v. Unkel, 29,728 (La.App.2d Cir.08/20/97), 699 So.2d 472, citing, Diesel Driving Academy, Inc. v. Ferrier, 563 So.2d 898 (La. App. 2d Cir.1990). A trial court's factual *414 findings as a basis for awarding (or for that matter, not awarding) sanctions are reviewed under the manifestly erroneous or clearly wrong standard. Unkel, supra.
Although the trial court gave no reasons for denying the Harpers' request for sanctions, we cannot say such a final determination was clearly wrong. In affirming the denial of sanctions, the Unkel court characterized the subject pleadings as "unpersuasive and inartful," but not sanctionable. Id. at 477. So is the case here. While perhaps "unpersuasive and inartful," at the hearing on the costs issue, counsel for the McKoins was able to present some argument to explain his legal position in filing the various pleadings. Whereas the imposition of sanctions pursuant to La. C.C.P. art. 863 is on occasion warranted and necessary, the threat of sanctions tends to chill the nature of the proceedings by limiting the adversarial nature of such and the diligent representation of clients by their attorneys. Considering the record before us, Judge Dimos was not manifestly in error for failing to impose sanctions against the McKoins. Thus, we find this assignment of error without merit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is hereby reversed in part and affirmed in part with the parties to each bear their own costs of appeal.
REVERSED IN PART AND RENDERED; AFFIRMED IN PART.
NOTES
[1] Judge Michael S. Ingram presided over those proceedings; however, after his death, Judge J.N. Dimos presided over the proceedings regarding the costs issue.
[2] In brief, the Harpers claim that the agreement reached by the parties was that the Harpers would accept $60,000 for their expert fees and costs if the McKoins would not seek writs to the Louisiana Supreme Court in connection with McKoin I. The Harpers claim the McKoins reneged on the agreement and that is why the parties had not reached an agreement.