# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 13-271

KENNETH E. CASTLE

VERSUS

HARRY CASTLE, ET AL.

**********

**APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 2010-3306-B
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE**

**********

**JAMES T. GENOVESE
JUDGE**

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**Maurice L. Tynes
4839 Ihles Road
Lake Charles, Louisiana 70605
(337) 479-1173
COUNSEL FOR PLAINTIFF/APPELLEE:**
    Kenneth E. Castle

**W. Thomas Barrett, III**
**3401 Ryan Street, Suite 307**
**Lake Charles, Louisiana 70605**
**(337) 474-7311**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Harry Castle**

**Charles M. Kreamer**
**Allen & Gooch, A Law Corporation**
**2000 Kaliste Saloom Road, Suite 400**
**Post Office Box 81129**
**Lafayette, Louisiana 70598-1129**
**(337) 291-1390**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**John Pohorelsky**

**Emmett C. Sole**
**Stockwell, Sievert, Viccellio, Clements & Shaddock**
**Post Office Box 2900**
**Lake Charles, Louisiana 70602**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Castle Real Estate, Inc.**

**GENOVESE, Judge.**

Defendant/Cross Claimant, Harry Castle, appeals the judgment of the trial court granting an exception of no cause of action in favor of Defendant in Cross Claim, John Pohorelsky, dismissing his cross claim. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

In September of 2005, Kenneth Castle filed suit against his brother, Harry Castle, seeking an accounting of the income and expenses associated with jointly owned immovable property (the underlying litigation). The underlying litigation was ultimately settled pursuant to a Receipt and Release dated June 24, 2009, and a Joint Motion and Order of Dismissal dated June 25, 2009. Kenneth Castle was represented by an attorney, John Pohorelsky, in the underlying litigation.

A subsequent lawsuit (the current litigation) was instituted on June 24, 2010, by Plaintiff, Kenneth Castle (Kenneth), against Defendant, Harry Castle (Harry), asserting his entitlement to a further accounting for 2007, 2008, and 2009.[1] Kenneth also named his former attorney, John Pohorelsky (Attorney Pohorelsky), in the current litigation, alleging malpractice.[2]

In response to the current litigation, Harry filed an exception of res judicata based upon the prior settlement and Receipt and Release in the underlying litigation. The trial court denied Harry's exception of res judicata on September 29, 2011.

On September 23, 2010, Harry filed a cross claim against Attorney Pohorelsky for indemnification of any amounts he may be cast in judgment in the

---

[1] Castle Real Estate, Inc. was also named as a defendant; however, the claims against this defendant are not relevant to the present appeal and are not addressed herein.

[2] Attorney Pohorelsky filed an exception of no cause of action and an exception of improper cumulation to Kenneth's claims; however, the trial court's rulings on these exceptions are not relevant to the present appeal and are likewise not addressed.

current litigation. Attorney Pohorelsky responded with an exception of improper cumulation and an exception of no cause of action. The trial court granted the exception of no cause of action, finding that due to the lack of an attorney-client relationship, Harry failed to state a cause of action against Attorney Pohorelsky.[3] Therefore, the trial court signed a judgment July 27, 2012, granting Attorney Pohorelsky's exception of no cause of action and granting Harry additional time to amended his cross claim to include intentional tort allegations.

On July 12, 2012, Harry supplemented and amended his cross claim against Attorney Pohorelsky. Attorney Pohorelsky filed a second exception of no cause of action and an exception of peremption. The exception of no cause of action was granted by the trial court, and a judgment consistent therewith was signed November 7, 2012.

Harry appeals from the November 7, 2012 judgment of the trial court granting Attorney Pohorelsky's exception of no cause of action and its denial of his exception of res judicata. For the following reasons, we affirm.

## ASSIGNMENT OF ERROR

On appeal, Harry asserts that the trial court erred in denying his exception of res judicata relative to Kenneth's claim for an additional accounting in the main demand. Additionally, Harry asserts error in the trial court's grant of Attorney Pohorelsky's exception of no cause of action which dismissed his cross claim.

## LAW AND DISCUSSION

At the outset, we acknowledge that the first assignment of error raised by Harry addresses the trial court's denial of his exception of res judicata. Although Harry addresses this contention in his brief to this court, he failed to seek review of

---

[3] The trial court noted that "in memoranda to the [c]ourt, both sides seem to agree that Harry Castle must allege an intentional tort against [Attorney] Pohorelsky to state a cause of action."

2

the September 29, 2011 judgment denying his exception by means of a supervisory writ. Additionally, the present motion and order for appeal seeks a devolutive appeal only from the November 7, 2012 judgment in favor of Attorney Pohorelsky dismissing Harry's cross claim. Accordingly, the ruling of the trial court denying Harry's exception of res judicata is not properly before this court and is not considered herein.

Harry also asserts error in the trial court's grant of Attorney Pohorelsky's exception of no cause of action. We find no merit to this contention.

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. *Fink v. Bryant*, 01-0987, p. 3 (La.11/29/01), 801 So.2d 346, 348. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. *Id.*, pp. 348-349. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. *Id.* The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. *Id.* Because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition, the appellate court reviewing the judgment should subject the case to a *de novo* review. *Id.*

*Becnel v. Grodner*, 07-1041, pp. 2-3 (La.App. 4 Cir. 4/2/08), 982 So.2d 891, 894.

Additionally, to withstand an exception of no cause of action, the cross claim must set forth the material facts upon which the cause of action is based. Legal or factual conclusions, absent facts which support such conclusions, are insufficient. *Vermilion Hosp., Inc. v. Patout*, 05-82 (La.App. 3 Cir. 6/8/05), 906 So.2d 688; *Montalvo v. Sondes*, 93-2813 (La. 5/23/94), 637 So.2d 127. Therefore, accepting the facts as alleged in Harry's cross claim to be true, we must determine whether

the law affords any remedy to Harry based upon his allegations against Attorney Pohorelsky.

The jurisprudence is clear that "an attorney does not owe a legal duty to his client's opposing party when acting on behalf of his client. A non-client, therefore, cannot hold the attorney of his opponent personally liable for malpractice or negligent breach of a professional obligation." *Arledge v. Hendricks*, 30,588, p. 5 (La.App. 2 Cir. 6/26/98), 715 So.2d 135, 139, *writ denied*, 98-2015 (La. 11/20/98), 728 So.2d 1287 (citing *Montalvo*, 637 So.2d 127). However, a non-client can assert a claim against an attorney based upon an intentional tort. *Penalber v. Blount*, 550 So.2d 577 (La.1989). Quoting *Penalber*, our supreme court has further stated:

> Although *Penalber* re-affirmed the basic premise that an attorney acting on behalf of his client may not be sued by an adversary based on negligence or malpractice, that case did allow a cause of action against an attorney based on intentional tort:
>
>> Intentionally tortious actions, ostensibly performed for a client's benefit, will not shroud an attorney with immunity. Consequently, even though an attorney does not generally owe a duty to his client's adversary, under the broad ambit of LSA-C.C. art. 2315, an attorney may be held personally accountable for his intentional tortious conduct. . . .
>
> [*Penalber*,] 550 So.2d at 582.

*Montalvo*, 637 So.2d at 130. Recognizing that "identifying an intentional tort in the context of an attorney's actions may be more difficult than identifying a traditional intentional tort[,]" the supreme court opined that "it is essential for the petition to allege facts showing specific malice or an intent to harm on the part of the attorney in persuading his client to initiate and continue the suit." *Id*. Therefore, "[f]or a petition to state a cause of action against an opponent's attorney, the petition must allege facts showing, on the part of the attorney, specific

4

malice or an intent to 'cause direct harm' in persuading his client to initiate and continue the suit." *Arledge*, 715 So.2d at 139 (quoting *Montalvo*, 637 So.2d at 130).

In the instant case, Harry's First Amended and Supplemental Cross Claim alleges:

> Exhibit HC-5[4] clearly and unequivocally evidences a deceptive and duplicitous pattern and practice of John Pohorelsky of simultaneously actively seeking a settlement and resolution of the Prior Litigation with Harry while informing his client, Kenneth, additional litigation could thereafter be brought against Harry following resolution of the Prior Litigation for the same accounting issues addressed in the Prior Litigation.
>
> . . . .
>
> The simultaneous deceptive misrepresentations of John Pohorelsky to Harry and Kenneth contain untrue statements of material facts and omit to state material facts required to be stated therein or necessary to make the statements therein, in light of the circumstances under which they were made, not misleading.
>
> . . . .
>
> The intentional deceptive acts of John Pohorelsky in actively withholding material facts from his communication to Harry as well as in preparation of the Settlement Documents, has resulted in Harry's incurring needless defense costs in the instant proceedings. John Pohorelsky should be compelled to indemnify Harry for his costs of defense and any other amounts which he may be called upon to pay in the instant proceedings.

Having fully reviewed the assertions set forth in Harry's cross claim, we agree with Attorney Pohorelsky that all these allegations and the documents attached to the cross claim "demonstrate[] is that what an attorney and his client talk about during settlement negotiations is different from what the same attorney and his opposing counsel talk about during settlement negotiations." This demonstration of the adversarial nature of our legal system does not amount to an

---

[4] Exhibit HC-5 consists of over fifty pages of documents including emails and letters produced by Kenneth, most of which were communications between Kenneth and his then attorney, Attorney Pohorelsky, during the course of the underlying litigation.

5

intentional tort by an attorney against a non-client in the course of litigation. These documents evidence the tactical discussions between Attorney Pohorelsky and his client, Kenneth, that included settlement options and potential risks involving same. In fact, these documents contain discussions between Kenneth and Attorney Pohorelsky pertaining to whether the settlement perfected a release of liability for any further accounting after 2006, which was the very issue raised by Harry in his exception of res judicata. Even accepting the allegations as true, the cross claim clearly lacks any allegations of specific malice on the part of Attorney Pohorelsky or an intent to cause direct harm to Harry.

Based upon the foregoing, we conclude that the cross claim fails to allege facts sufficient to state a cause of action against Attorney Pohorelsky for an intentional tort. Accordingly, we find no error in the trial court's grant of Attorney Pohorelsky's exception of no cause of action dismissing the claims asserted against him by Harry.

## DECREE

For the reasons assigned, we affirm the judgment of the trial court granting the exception of no cause of action in favor of John Pohorelsky and dismissing the claims of Harry Castle against John Pohorelsky with prejudice. The costs of this appeal are assessed to Harry Castle.

**AFFIRMED.**