# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
### 13-834


SUSAN ARNAUD, ET VIR

VERSUS

RONALD DIES

************

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 12-C-0059-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

************

J. DAVID PAINTER
JUDGE

************

Court composed of Sylvia R. Cooks, Jimmie C. Peters, Marc T. Amy, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED.**

Michael W. Robinson
P. O. Box 1109
Eunice, LA 70535-1109
COUNSEL FOR PLAINTIFFS-APPELLANTS:
    Susan Arnaud, et vir

John F. Wilkes, III
Joy C. Rabelais
Ray F. Lucas, III
Tonya R. Smith
Kathy L. Smith
Adriane M. Reese
P. O. Box 4305
Lafayette, LA 70502-4305
COUNSEL FOR DEFENDANT-APPELLEE:
    Chief Ronald Dies, Individually and in his official capacity as Chief of
    Police for the Eunice Police Department

**PAINTER, Judge.**

Plaintiffs, Susan and Robbie Arnaud, appeal the judgment of the trial court granting Defendant, Ronald Dies', exceptions of res judicata, no cause of action, and no right of action, and his motion for summary judgment. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

## FACTS

Plaintiffs are the owners and operators of Robbie's Wrecking Service (RWS), a tow truck business. In 2010, Ronald Dies was elected Chief of Police of the City of Eunice (the City). On December 31, 2010, he took RWS off of the rotation list of wrecker services to be called by the City. Dies later issued a statement giving reasons for RWS's removal from the list. Plaintiffs first filed a mandamus action seeking to be reinstated on the list. The court ruled in Dies' favor, finding that the inclusion of a business on the list was discretionary with the law enforcement agency. Plaintiffs then filed an action for damages alleging that the statement made by Dies was defamatory and caused damage to the reputation of their business.

The matter was removed to federal court for a time, but later returned to the state district court. Although the filings are not in the record on appeal, it appears that during the removal Defendant filed a motion for partial summary judgment and exceptions of res judicata, no cause of action, and no right of action. In response, Plaintiffs filed a motion for sanctions. The trial court granted the exceptions and the motion for partial summary judgment finding that any claims arising from the removal of RWS from the rotation list by Dies were res judicata and that Dies had shown that no genuine issue of fact existed in relation to the defamation claim. The trial court also granted exceptions of no cause and no right of action without giving reasons therefor. Plaintiffs appeal.

1

# DISCUSSION

*Exceptions*

We first note that the record contains neither the original exceptions and memoranda in support nor the oppositions thereto. It appears that the exceptions may have concerned only those claims for damages resulting from the removal of RWS from the rotation list. However, since it appears that Defendant persisted in pursuing the exceptions after Plaintiffs conceded the issue of damages from the removal, we will also consider whether the exceptions should have been granted as to the claim for defamation.

Res Judicata

The trial court stated that any claims arising from RWS's removal from the rotation list were res judicata.

> The doctrine of res judicata is set forth in La.R.S. 13:4231. Quoting *Burguieres v. Pollingue*, 02-1385, p. 7 (La.2/25/03), 843 So.2d 1049, 1053, the supreme court reiterated the five elements that must be established in order for a judgment to have a res judicata effect on a second action:
>
> > (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Succession of Bernat*, 13-277, pp. 3-4 (La.App. 3 Cir. 10/9/13), 123 So.3d 1277, 1281.

Although judgment in an action for mandamus will not always be dispositive of all issues, *see Leary v. Foley*, 07-751 (La.App. 4 Cir. 2/13/08), 978 So.2d 1018, *writ denied*, 08-589 (La. 5/2/08), 979 So.2d 1288, it is dispositive in this matter. Not only have all the requirements of *Bernat* been met, but the basis for the judgment of the trial court, the discretionary nature of inclusion on the list, forecloses any action for damages as a result of exclusion from the list.

2

We note, however, that Defendants did not establish the elements necessary to show that the defamation claim was res judicata.

Exceptions of No Cause of Action and No Right of Action

We note initially that the exceptions of no cause and no right of action are distinct exceptions with different functions and are not to be conflated. *See Industrial Cos., Inc. v. Durbin*, 02-665(La. 1/28/03), 837 So.2d 1207.

Having found that any claims resulting from the removal of RWS from the rotation list were rendered res judicata by the judgment in the mandamus action, we need not consider the exceptions of no cause of action and no right of action as to those claims. However, we must determine whether the exceptions were properly granted with regard to the defamation action.

1. No cause of action

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. *Fink v. Bryant*, 01-0987, p. 3 (La.11/29/01), 801 So.2d 346, 348. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. *Id.*, pp. 348-349. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. Id. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. *Id.* Because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition, the appellate court reviewing the judgment should subject the case to a de novo review. *Id.*

*Becnel v. Grodner*, 07-1041, pp. 2-3 (La.App. 4 Cir. 4/2/08), 982 So.2d 891, 894. Additionally, to withstand an exception of no cause of action, the cross claim must set forth the material facts upon which the cause of action is based. Legal or factual conclusions, absent facts which support such conclusions, are insufficient. *Vermilion Hosp., Inc. v. Patout*, 05-82 (La.App. 3 Cir. 6/8/05), 906 So.2d 688; *Montalvo v. Sondes*, 93-2813 (La.5/23/94), 637 So.2d 127.

3

*Castle v. Castle*, 13-271, pp. 3-4 (La.App. 3 Cir. 10/9/13), 123 So.3d 1267, 1270-71.

Therefore, accepting the facts alleged in Plaintiffs' petition to be true, we must determine whether the law affords them any remedy based upon their allegations against Defendant.

The elements of a claim for defamation are "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Trentecosta v. Beck*, 96-2388, p. 10 (La.10/21/97), 703 So.2d 552, 559. After reviewing the petition, we conclude that Plaintiffs have adequately stated a cause of action for defamation.

### 2. No Right of Action

> "The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Hood v. Cotter*, 2008-0215, p. 17 (La.12/2/08), 5 So.3d 819, 829. An appellate court reviewing a lower court's ruling on an exception of no right of action should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person. *Id.*; *Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612, p. 6-7 (La.3/17/06), 929 So.2d 1211, 1217; *Turner v. Busby*, 2003-3444, p. 4 (La.9/9/04), 883 So.2d 412, 415-416; *Reese v. State, Dept. of Public Safety and Corrections*, 2003-1615, p. 3 (La.2/20/04), 866 So.2d 244, 246.

*Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.,* 10-2267, 2272, 2275, 2279, 2289, pp. 6-7 (La. 10/25/11) 79 So.3d 246, 255-56.

The trial court gave no reasons for its grant of the exception of no right of action. Our review of the record and the law of defamation, lead us to the conclusion that Plaintiffs have an interest in the subject matter of the suit and a right to bring an action for defamation in this matter.

*Summary Judgment*

A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Smitko v. Gulf South Shrimp, Inc.*, 11-1566, p. 7 (La.7/2/12), 94 So.3d 750, 755; *Samaha v. Rau*, 07-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-83.

The burden of proof remains with the movant; however, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La.Code Civ. Proc. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id.

*Pociask v. Moseley*, 13-262, pp. 5-6 (La. 6/28/13), 122 So.3d 533, 539.

Defendant moved for summary judgment arguing that the facts before the court left no question as to whether Plaintiffs sustained financial damages as a result of the statement made by Defendant about why RWS was removed from the rotation list. Defendant supported his motion with a wrecker request summary for 2009-2012, compiled by James K. Lavergne, Police Records Clerk for the City of Eunice Police Department, showing that requests for RWS increased from 2010 to 2011, from 40% to 45% and that as of August 23, 2012, the percentage of requests for RWS had further increased for the year 2012, to 62%. This information fulfills Defendant's burden on summary judgment of showing a lack of factual support for the element of damages required to sustain Plaintiffs' claim that they were harmed by the allegedly defamatory statements made by Defendant. The document shows that had RWS been on the rotation list, it would still have gotten less profit from requests because fewer requests were made. The record before this court contains

no opposition to the motion for summary judgment, no documents produced in opposition to the motion, and no transcript of the hearing on the motion. Plaintiffs have asked that the record be supplemented to include their affidavits. However, nothing in the affidavits controverts the information shown in the wrecker request summary. They do not include any information with regard to lost profits from other sources resulting from the alleged defamation. Based on our *de novo* review of the record, we find that Plaintiffs failed to produce factual support to establish that, at trial, they would be able to satisfy their evidentiary burden of showing financial damages resulting from the statements made by Defendant. Accordingly, we conclude that there is no genuine issue of fact with regard to loss of profits.

However, a finding that no issue of fact remains as to financial damages only partially resolves the issues raised by a defamation action.

> Damages resulting from defamation can include injury to reputation, personal humiliation, embarrassment, and mental anguish and suffering. *Rennier v. State, Through Department of Public Safety*, 428 So.2d 1261 (La.App. 3 Cir.1983). These are separate elements of damage. Rennier. Defamation damages must be proved by competent evidence, but there is no need to establish the actual pecuniary value of the injury suffered. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); *Trahan v. Ritterman*, 368 So.2d 181 (La.App. 1st Cir.1979).

*Lege v. White*, 619 So.2d 190, 191 (La.App. 3 Cir.1993).

Plaintiffs may still be able to prove damages for one of the other categories of damages which may result from defamation. These damages were not addressed by defendant in his motion for summary judgment and are, thus, still before the court as are the remaining elements of the defamation claim.

*Sanctions*

Plaintiffs responded to the filing of the exceptions by filing a motion for sanctions. The trial court, in its judgment in this matter, stated that:

[T]here was not willful violation of any court order by defendant and plaintiff's [sic] prayer for sanctions for the non-disclosure or non-production of documents to plaintiff[s] are denied.

The motion for sanctions and memorandum in support thereof are not in the record on appeal in their entirety. On appeal, Plaintiffs argue that the exceptions were meritless and sanctionable.

Louisiana Code of Civil Procedure Article 863 provides that:

A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.

B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading , and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the

amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.

G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.

The second circuit in *In re Godfrey Trust*, 43,264, p. 4 (La.App. 2 Cir. 6/4/08), 986 So.2d 812, 815, *writ denied*, 08-1471 (La. 10/10/08), 993 So.2d 1285, explained the imposition and appellate review of sanctions as follows:

Appellate review of the decision to impose sanctions is under the manifest error/clearly wrong standard of review. *Jones v. Bethard*, 39,575 (La.App. 2d Cir.04/13/05), 900 So.2d 1081, writ denied,05-1519 (La.12/16/05), 917 So.2d 1115. This court has noted that the threat of sanctions pursuant toLa. C.C.P. art. 863 "tends to chill the nature of the proceedings by limiting the adversarial nature of such," and thus should not be imposed if a party or attorney merely made an "unpersuasive and inartful" argument. *McKoin v. Harper*, 37,984 (La.App. 2d Cir.12/10/03), 862 So.2d 410, 414.

In *Caldwell v. Griggs*, 40,838 (La.App. 2d Cir.03/08/06), 924 So.2d 464, this court discussed at length the appropriate standards for the application of sanctions:

Initially, we note that statutes which authorize the imposition of penalties or sanctions are to be strictly construed. *Colquitt v. Claiborne Parish, Louisiana*, 36,260 (La.App. 2d Cir.08/14/02), 823 So.2d 1103. Article 863 is intended only for exceptional circumstances and is not to be used simply because parties disagree as to the correct resolution of a legal matter. *Green v. Wal-Mart Store No. 1163*, 96-1124 (La.App. 4th Cir.10/17/96), 684 So.2d 966. The slightest justification for the exercise of a legal right precludes sanctions. Only when the evidence is clear that there is no justification for the legal right exercised should sanctions be considered. Any lesser standard would serve

8

to seriously impair the rights of the party as a litigant. *Id.*, citing *Fairchild v. Fairchild*, 580 So.2d 513 (La.App. 4th Cir.1991). (Emphasis added).

*Id.* at 470.

After reviewing the record herein, we cannot say that the trial court abused its discretion in denying an award of sanctions or that the denial was clearly wrong or manifestly erroneous.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings. Consistent with this opinion, costs of this appeal are assessed one-half to Plaintiffs-Appellants and one-half to Defendant-Appellees.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**